```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF MICHIGAN
                    SOUTHERN DIVISION
```

TIMOTHY PATTON,

       Plaintiff,           CIVIL ACTION NO. 10-14493

  v.                       DISTRICT JUDGE JOHN CORBETT O'MEARA

                           MAGISTRATE JUDGE MONA K. MAJZOUB

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**RECOMMENDATION**: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of light work.

                          *   *   *

Plaintiff filed applications for Social Security Disability Income Benefits (DIB) and Supplemental Security Income (SSI) benefits on July 2, 2006, alleging that he had become disabled and unable to work on March 6, 2004, at age 54, due to severe back pain, difficulty breathing, obesity, hearing loss, chronic headaches and post traumatic stress disorder. Benefits were denied by the Social Security Administration. A requested <u>de novo</u> hearing was held on April 2, 2009, before Administrative Law Judge (ALJ) Deborah Arnold. The ALJ found that the claimant retained the residual functional capacity to perform a limited

range of light work, including his past work as a night custodian and photography technician. The ALJ restricted Plaintiff from having to communicate in noisy environments requiring acute hearing. The Law Judge further determined that Plaintiff should avoid exposure to pulmonary irritants. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 59 years old at the time of the administrative hearing (TR 36). He had earned the equivalent of a high school diploma, and had been employed during the relevant past as a night custodian and photography technician (TR 46-47). Each job required claimant to remain on his feet for extended periods. He had to constantly bend down and reach over his head. He was sometimes required to lift upwards of 20 pounds on a regular basis (TR 47). Claimant stopped working in January 2004, due to chronic headaches, shoulder pain and numbness in his arms (TR 36-37, 40, 43-44). Plaintiff allegedly had difficulty sitting and standing for prolonged periods (TR 43, 45). He required the help of his girlfriend to perform most of the household chores (TR 38, 45). Claimant testified that he became nervous whenever he left the house (TR 39-40). He stopped going to counseling because he did not believe it was helping his mental difficulties (TR 42).

A Vocational Expert, Ms. Henry, classified Plaintiff's past work as light, unskilled activity (TR 47). The witness

2

testified that there were no jobs for claimant to perform if his testimony were fully accepted[1] (TR 50). If he were capable of light work, however, he could return to his past work as either a night custodian or photography technician (TR 47). Alternatively, the VE identified numerous unskilled clerical and security guard jobs that Plaintiff could also perform with minimal vocational adjustment (TR 49). These jobs did not require concentrated exposure to pulmonary irritants. They were performed in environments where acute hearing would not be needed to avoid potential hazards (TR 47, 49).

## LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as result of obesity, chronic obstructive pulmonary disease, a partial hearing loss, degenerative disc disease, a leg length discrepancy and a post traumatic stress disorder, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's breathing difficulties required that he avoid concentrated exposure to pulmonary irritants. The Law Judge found that Plaintiff's partial hearing loss would prevent him from working in a noisy environment, or where acute hearing was needed to avoid potential hazards. Nevertheless, he found that the claimant retained the residual functional capacity to perform a

---

[1] The witness opined that claimant's alleged inability to successfully sustain activity for longer than four hours a day due to post traumatic stress disorder and mental depression would preclude all work activity (TR 50).

significant number of light jobs, including his past work as a custodian and photography technician.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

In the instant case, Plaintiff contends that the Law Judge did not properly assess his allegations of serious functional limitations caused by his multiple physical and mental impairments. The law is clear, however, that the mere existence of an impairment, even a severe one, will not entitle the claimant to disability benefits unless the impairment prevents him from returning to his past work or any other substantial, gainful activity existing in the national economy considering his age, education and work experience.  42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 404.1505 (2011).

**DISCUSSION AND ANALYSIS**

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity to return to his past light work as a night custodian and photographic technician.  The medical evidence, as a whole, failed to provide objective support for Plaintiff's allegations of severe and totally disabling functional limitations stemming from his various physical and mental impairments.

The medical record during the relevant period contained little objective medical basis for crediting Plaintiff's complaints of totally disabling back and joint pain. A September 2006, physical examination was relatively unremarkable. Claimant's dexterity was unimpaired, and he could get on and off the examination table without difficulty.  Grip strength remained intact, muscle strength and tone were normal, and no neurological deficits were observed (TR 362).   The claimant's ranges of motion in his joints were full, and he was able to walk with a normal gait without the use of an assistive device (TR 362).  Dr. Abel, the consulting examiner, did not diagnose any problem related to Plaintiff's spine, or any other musculoskeletal impairment.

The ALJ reasonably accommodated claimant's joint pain and extremity numbness by restricting him to simple tasks in small familiar groups of people  (TR 21). The ALJ also took into account claimant's breathing difficulties and partial hearing loss by finding that he needed to work in a clean air environment where acute hearing was not required (TR 21). The ALJ properly discounted claimant's allegations of disabling headaches.  A CT scan of his

6

head, performed in September 2007, revealed normal findings (TR 432). He never complained to any physician that the headaches interfered with his ability to concentrate. The record does not show the need for more than conservative treatment for the headaches.

Notwithstanding Plaintiff's assertion that he suffered from severe emotional difficulties, he did not seek mental health treatment from March 2004, his alleged onset date, until April 2005. A psychiatric consultation on April 13, 2005, noted that the Plaintiff had a good memory, and that his stream of thought was both normal and spontaneous (TR 246). He was alert and well oriented. His attention, concentration, memory and verbal comprehension were intact. Claimant's speech was coherent, goal oriented and regular in rhythm and rate (TR 246). Although the claimant had an angry mood, his effect was appropriate and he did not have any homicidal thoughts (TR 246).

While Plaintiff was assigned a GAF score of 45, indicating a serious impairment in social, occupational and school functioning, the ALJ reasonably determined that his activities of daily living undermined evidence suggesting that he might have serious functional limitations. Plaintiff reportedly was fully independent in his activities of daily living (TR 209). Plaintiff had no problems with personal care and hygiene, and he was able to prepare meals and do household chores (TR 159-160). Similarly, the State agency doctor indicated that claimant had only mild limitations in his activities of daily living due to his mental impairment (TR 354). The ALJ considered the evidence of record, and

she reasonably concluded that claimant's post traumatic stress disorder was not severe enough to preclude him from returning to his past light work.

Contrary to Plaintiff's assertion, the ALJ did not fail to properly consider his obesity in her residual functional capacity evaluation. The medical record gives little indication that claimant's obesity caused any additional functional limitations that the Law Judge did not address. For example, Plaintiff testified that back and joint pain, and not obesity, prevented him from sitting, standing and walking for prolonged periods (TR 43).

Plaintiff argues that the ALJ misapplied the Medical-Vocational Guidelines at step five of the sequential evaluation process. Once it is determined that an applicant can perform past relevant work at step four, as was the case here, it was unnecessary to continue the sequential evaluation to determine whether he could perform other jobs at step five. He is deemed not disabled and there is no need for the testimony of a vocational expert or consideration of the Medical-Vocational Guidelines. <u>Orick v. Sullivan</u>, 966 F.2d 368, 372 (8th Cir. 1992). Therefore, even if the ALJ misapplied the Guidelines in determining whether he could perform other jobs, it is irrelevant to her step four finding that Plaintiff was not disabled.

Given the lack of objective clinical evidence of disability during the relevant period, the Law Judge could reasonably find that Plaintiff's impairments did not prevent him from returning to his past light work as a custodian or

photographic technician in a quiet clean air environment[2]. There was medical evidence on both sides and, having examined it, the undersigned cannot say that the Commissioner's conclusion was not supportable.  In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms were not fully credible.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted, and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981), <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>Howard v. Secretary of HHS</u>, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to

---

[2]The Sixth Circuit has ruled that a claimant can be denied benefits if he remains capable of returning to his former <u>type</u> of work even if he cannot return to the actual job held in the past. <u>Studaway v. Secretary</u>, 815 F.2d 1074, 1076 (6th Cir. 1987). The ALJ found that the claimant retained the residual capacity for a restricted range of light work. Since substantial evidence existed on the record that Plaintiff could perform his past light work as a custodian and photographic technician, he was not disabled withing the meaning of the Social Security Act.

raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.   <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987), <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the <u>Local Rules of the United States District Court for the Eastern District of Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated: August 1, 2011                    s/ Mona K. Majzoub
                                         MONA K. MAJZOUB
                                         UNITED STATES MAGISTRATE JUDGE